UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNNY BURKE,

        Plaintiff/Counter-Defendant,        Case No. 16-cv-11220

v        Honorable Thomas L. Ludington

CUMULUS MEDIA, INC.,

        Defendant/Counter-Plaintiff.

and

BONNIE HOLZHEI,

        Plaintiff/Counter-Defendant,        Case No. 16-cv-11221

v        Honorable Thomas L. Ludington

CUMULUS MEDIA, INC.,

        Defendant/Counter-Plaintiff.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
MOTIONS TO FILE AMENDED COMPLAINTS,
AND DIRECTING PLAINTIFFS TO FILE AMENDED COMPLAINTS**

On February 18, 2016 Plaintiffs Johnny Burke and Bonnie Holzhei (together "Plaintiffs") commenced separate actions against their former employer, Defendant Cumulus Media, in Michigan state court in the county of Saginaw. Compl., ECF No. 1 Ex. A. Plaintiffs allege that Defendant terminated their employment as morning radio hosts at a local broadcast station, WHNN-FM/96.1 of Saginaw, Michigan ("WHNN"), because of their ages in violation of the Elliot Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq.* ("ELCRA"). Plaintiff Holzhei also claims that Defendant discriminated against her because of her gender in violation of ELCRA.

Defendant removed the actions to this Court on April 4, 2016, asserting diversity jurisdiction under 28 U.S.C. § 1332. *See* ECF No. 1.

On April 11, 2016 Defendant Cumulus Media filed answers to Plaintiffs' complaints, along with fourteen counterclaims. *See* ECF No. 4. Defendant's counterclaims rest on allegations that, by broadcasting an internet morning show following their termination, Plaintiffs violated non-compete agreements between the parties and impermissibly accessed Defendant's confidential business information. *Id*. Defendant's subsequent motions for preliminary injunctions were granted in part and denied in part. Defendant's motion to compel arbitration was then denied upon a finding that Defendant had waived its entitlement to enforce the arbitration provision.

Pursuant to the current scheduling order, discovery is scheduled to close on March 16, 2017. On January 31, 2017, Plaintiffs filed motions to amend their complaints, seeking to add two claims arising out of Defendants' filing of counterclaims. *See* ECF No. 37. First, Plaintiffs seek to add an ELCRA retaliation claim under M.C.L. § 37.3701, alleging that Defendants' counterclaims were filed in retaliation for Plaintiff's exercise of their rights under ELCRA. Second, Plaintiffs seek to add a claim that Defendant's filing of counterclaims constituted an abuse of process under Michigan law. Plaintiffs also seek to add claims for economic damages, which they claim to have inadvertently omitted from their original complaints. In response, Defendant argues that Plaintiff's proposed amendments would be futile, are untimely, and have been brought in bad faith.

**I.**

Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). "Decisions as to when justice requires

amendment are left to the sound discretion of the trial judge[.]" *Robinson v. Michigan Consol. Gas Co. Inc.,* 918 F.2d 579, 591 (6th Cir. 1990). Factors that courts should consider when determining whether to grant leave to amend include "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment…." *Hageman v. Signal L.P. Gas, Inc.,* 486 F.2d 479, 484 (6th Cir. 1973). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010) (internal citation and quotation marks omitted).

**A.**

Plaintiffs' two additional theories of liability will be addressed first. Under M.C.L. § 37.3701, a person shall not retaliate against a person "because the person has opposed a violation of [ELCRA], or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding or hearing under [ELCRA]." M.C.L. § 37.3701(a). Similarly, the Michigan tort of abuse of process may arise where the plaintiff demonstrates that a party used a court process for an ulterior purpose, and in a manner that was improper in the regular prosecution of the proceedings. *See Lawrence v. Burdi*, 886 N.W.2d 748, 754 (Mich. Ct. App. 2016).

Through their motions to amend, Plaintiffs essentially assert that Defendants' counterclaims were brought in retaliation for the claims asserted by Plaintiffs' in their complaints. Plaintiffs' arguments ignore the realities of the adversarial process and the structure of the Federal Rules of Civil Procedure. Inherently, counterclaims may only be brought in response to a plaintiff's claims. Indeed, the Federal Rules of Civil Procedure *require* the filing

of counterclaims in certain circumstances, such as where the defendant has a claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[,] and … does not require adding another party over whom the court cannot acquire jurisdiction." *See* Fed. R. Civ. P. 13(a). The Federal Rules of Civil Procedure also expressly permit the filing of counterclaims that are not compulsory. *See* Fed. R. Civ. P. 13(b). Such a permissive counterclaim "may request relief that exceeds in amount or differs in kind from the relief sought by the opposing party." Fed. R. Civ. P. 13(c). The filing of non-frivolous, mandatory or permissive counterclaims cannot form the basis of a claim of retaliation claim.

Nevertheless, Plaintiffs persist that their proposed amendments are proper because Defendants' counterclaims are "unfounded." In the context of antitrust law, the *Noerr-Pennington* Doctrine holds that the First Amendment right to petition protects a party's "genuine attempts to influence passage or enforcement of laws … from antitrust scrutiny, regardless of the anticompetitive purpose behind such attempts." *Opdyke Inv. Co. v. City of Detroit*, 883 F.2d 1265, 1273 (6th Cir. 1989). Excepted from protection, however, is a narrow category of "sham" petitions. The exception applies where the petitioning activity – such as the filing of a lawsuit – is "a mere sham to cover what is actually nothing more than an attempt to interfere directly with the business relationship of a competitor." *City of Columbia v. Omni Outdoor Advert., Inc.*, 499 U.S. 365, 381 (1991). To fall under the exception, the challenger first must demonstrate that the lawsuit is "objectively baseless" or "patently frivolous." *See Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 50 (1993). If this burden is met, a court may consider the petitioner's subjective motivation. *Id.*

Citing First Amendment principles, Courts have applied the *Noerr-Pennington* analysis outside the context of antitrust law and held that parties are immune from suit for genuine

petitioning activities. *See, e.g., Video Int'l Production, Inc. v. Warner–Amex Cable Communications, Inc*., 858 F.2d 1075, 1082 (Fifth Cir. 1988) ("[t]here is simply no reason that a common-law tort doctrine can any more permissibly abridge or chill the constitutional right of petition than can a statutory claim such as antitrust."); *Evers v. Custer Cty.,* 745 F.2d 1196, 1204 (9th Cir. 1984) (holding that private citizens enjoyed *Noerr-Pennington* immunity in § 1983 suit where they were accused of petitioning local government to reopen a road); *Gorman Towers, Inc. v. Bogoslavsky*, 626 F.2d 607, 614 (8th Cir. 1980) (applying the logic of *Noerr-Pennington* to a § 1983 action in which local residents petitioned local government to adopt a zoning amendment); *Arim v. Gen. Motors Corp*., 520 N.W.2d 695, 701 (Mich. Ct. App. 1994) (holding that private entities involved in a state investigation into certain facilities' fraudulent practices were entitled to *Noerr-Pennington* immunity in connection with tort claims asserted by the facilities).

Analyzing these principles along with the directives of Rule 13, Plaintiffs' proposed amendments are futile. The filing of non-frivolous counterclaims is protected activity under the First Amendment's right to petition, and cannot form the basis of a retaliation claim under ELCRA absent a showing that the counterclaims constitute a sham proceeding, or a finding that the counterclaims were objectively baseless and presented for an improper purpose. Non-frivolous counterclaims also cannot form the basis of an abuse of process claim, as the act of filing non-frivolous counterclaims is not improper in the regular prosecution of a proceeding. *See Lawrence,* 886 N.W.2d at 754.

While a preliminary review of the facts and law suggested that Defendant was unlikely to prevail on a number of its claims, there has been no finding that Defendant's claims were patently frivolous, objectively baseless, or improper under Federal Rule of Civil Procedure

11(b). Instead, Defendant's claims asserted valid legal theories, primarily arising out of valid contracts between the parties. There has been no final determination of the merits of Defendant's claims, and facts uncovered during discovery may ultimately result in adjudication in Defendant's favor on one or more legal theories. Because there has been no final adjudication on the merits of Defendant's counterclaims, and because Plaintiffs have not shown that Defendant's counterclaims are objectively baseless, Plaintiffs' motions for leave to add additional theories of liability will be denied as futile.

**B.**

Through their motions to amend, Plaintiffs also seek to add claims for economic damages. Defendant does not address these proposed amendments in its responses. "[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (internal citations and quotations omitted). Because Defendant has not shown that the addition of claims for economic damages would be untimely, futile, or in bad faith, Plaintiffs' motions to amend will be granted in part.

**II.**

Accordingly, it is **ORDERED** that Plaintiffs' motions to amend (Case No. 16-cv-11220, ECF No. 41; Case No. 16-cv-11221, ECF No. 37) are **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Plaintiffs are **DIRECTED** to file their amended complaints, in conformity with this order, on or before **March 10, 2017.**

- 7 -

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 1, 2017

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 1, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager